﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190102-2143
DATE: July 31, 2020

ORDER

Entitlement to service connection for bladder cancer, as due to exposure to contaminated water at Camp Lejeune, is granted.

REMANDED

Entitlement to a compensable rating for left eye macular pucker is remanded.

FINDINGS OF FACT

1. The Veteran served at U.S. Marine Corps Base Camp Lejeune, North Carolina (Camp Lejeune) for at least 30 days; thus, the Veteran is presumed to have been exposed to contaminated water during his active military service.

2. The Veteran has been diagnosed with bladder cancer, a disease presumed to be associated with Camp Lejeune water contaminants under VA regulatory criteria.

CONCLUSION OF LAW

The criteria for presumptive service connection for bladder cancer, as due to exposure to contaminated water at Camp Lejeune, have been met. 38 U.S.C. §§ 1110, 1116, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active service from December 1966 to December 1969.

A rating decision was issued under the legacy system in January 2016. In May 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in December 2018, which is the decision on appeal. In a January 2019 RAMP selection, the Veteran elected the Hearing docket. 

In May 2019, the Veteran withdrew the hearing request. Therefore, the Board may only consider the evidence of record at the time of the RAMP opt-in, as well as any evidence submitted by the Veteran or his representative within 90 days following receipt of the withdrawal. 38 C.F.R. § 20.302(b). 

Evidence was added to the claims file during a period of time when new evidence was not allowed, in particular, an August 2019 VA examination of the Veteran’s left eye disability. Thus, the Board may not consider such evidence. 38 C.F.R. § 20.300. As the Board is remanding the claim of entitlement to a compensable rating for the Veteran’s left eye disability for further development, this additional evidence will be considered by the RO in the adjudication of this claim.

1. Entitlement to service connection for bladder cancer, as due to exposure to contaminated water at Camp Lejeune.

The Veteran seeks entitlement to service connection for bladder cancer. 

The Board finds that the AOJ implicitly determined that new and relevant evidence was received to readjudicate this issue in the December 2018 rating decision. The Board is bound by this favorable finding. 38 C.F.R. § 3.104 (c). 

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).

Effective March 14, 2017, VA amended its adjudication regulations relating to presumptive service connection, adding eight diseases, including bladder cancer, that are associated with contaminants present in the water supply at Camp Lejeune. 82 Fed. Reg. 4184-4185 (Jan. 13, 2017) (codified at 38 C.F.R. §§ 3.307, 3.309). In order to establish presumptive service connection for a disease associated with exposure to contaminated water at Camp Lejeune, a claimant must show the following: (1) that the veteran served at Camp Lejeune for no less than 30 days (either consecutive or nonconsecutive) from August 1, 1953 to December 31, 1987; (2) that the veteran suffered from a disease associated with exposure to contaminants in the water supply at Camp Lejeune enumerated under 38 C.F.R. § 3.309 (f); and (3) that the disease process manifested to a degree of 10 percent or more at any time after service. 38 C.F.R. §§ 3.307 (a)(7), 3.309(f).

The Veteran contends that his bladder cancer was caused by exposure to contaminated water at Camp Lejeune.

The Veteran’s service personnel records demonstrate that he was stationed at Camp Lejeune on active duty from December 1968 to December 1969; the AOJ made a favorable finding that the Veteran’s Camp Lejeune service was verified in the December 2018 rating decision. The Board is bound by this favorable finding. 38 C.F.R. § 3.104 (c). 

The post-service medical evidence reflects that the Veteran was diagnosed with bladder cancer in 2010.

As noted above, bladder cancer is included on the list of diseases associated with exposure to contaminants in the water supply at Camp Lejeune under 38 C.F.R. § 3.309 (f). The Veteran’s medical records indicate that he receives ongoing care for bladder cancer, indicating that the bladder cancer manifested to a degree of at least 10 percent since service separation. 38 C.F.R. § 4.115b, Diagnostic Code 7528 (malignant neoplasms of the genitourinary system).

Based on the above, the Board finds that presumptive service connection for bladder cancer, as a disease associated with exposure to contaminants in the water supply at Camp Lejeune under the regulatory provisions at 38 C.F.R. § 3.309 (f), is warranted.

The Board acknowledges that a VA examiner in August 2014 rendered a negative nexus opinion as to whether the Veteran’s bladder cancer was caused by his military service. However, because the Board is granting the Veteran’s claim for service connection on a presumptive theory of entitlement under 3.309(f) (diseases associated with exposure to contaminants in the water supply at Camp Lejeune), there is no need to discuss entitlement to service connection on any other basis, as other theories of service connection have not been implicated, leaving no further question of law or fact to decide. See 38 U.S.C. § 7104. Moreover, the Board finds that the negative evidence is not sufficient to rebut the presumption of service connection in this case.

Service connection for bladder cancer, as due to exposure to contaminated water at Camp Lejeune, is granted.

REASONS FOR REMAND

2. Entitlement to a compensable rating for left eye macular pucker.

Service connection for left eye macular pucker was granted in an October 2013 rating decision, at which time a noncompensable rating was assigned, effective January 2013. A claim for an increased rating was received in January 2015.

This issue is remanded to correct a duty to assist error that occurred prior to the December 2018 rating decision on appeal. 

The Veteran is currently receiving a noncompensable rating under Diagnostic Code 6006.

During the pendency of the appeal, VA issued a final rule revising the portion of the VA Schedule for Rating Disabilities that addresses the organs of special sense and schedule of ratings-eye. 89 Fed. Reg. 15,316 (Apr. 10, 2018). The final rule went into effect May 13, 2018. Where there is a change in the rating criteria during the appeal period, the claim should be considered in light of both the former and revised schedular rating criteria, although an increased evaluation based on the revised criteria cannot predate the effective date of the amendments.

Under the former and revised criteria, DC 6006 instructs to evaluate the disability on the basis of either visual impairment or on incapacitating episodes, whichever results in a higher evaluation.

Visual impairment is rated based on the consideration of three factors: (1) impairment of visual acuity (excluding developmental errors of refraction); (2) visual field; and (3) muscle function. 38 C.F.R. § 4.75 (a). 

The Veteran was afforded a VA examination in October 2015. During the examination, the Veteran was noted to have a scotoma affecting at least ¼ of the left visual field. Of note, under the rating criteria, a scotoma affecting at least one-quarter of the visual field warrants a minimum 10 percent rating. Unfortunately, the October 2015 examiner did not specify whether the scotoma is part of the Veteran’s service-connected disability or it is a separate, unrelated disorder.

On remand, the AOJ must determine whether the Veteran’s scotoma/loss of left visual field, documented in the October 2015 VA examination, should be considered part of the Veteran’s service-connected disability, and if so, whether the loss of visual field results in an increased rating. Importantly, an August 2019 VA examiner indicated that the Veteran had loss of most of the left temporal field and opined that the left visual field loss is due to a retinal detachment, which could be due to his service-connected pucker and that the Veteran’s diagnosed eye problems are at least 50 percent as likely as not related. As noted previously, however, the Board is unable to consider this evidence at this time.

The matters are REMANDED for the following action:

Complete the appropriate development to determine whether the scotoma/loss of left visual field documented in the October 2015 VA examination is due to the Veteran’s service-connected left eye disability. 

*Of note, a VA medical opinion has already been obtained in the August 2019 VA examination.

 

 

TANYA SMITH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. Andersen, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.